IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 16 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

JENNIFER HARRELL f/k/a JENNIFER HYMAN

    Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC
A Virginia Corporation

    Defendant.

Civil Action No. 3:15-cv-00097 DPM/BD

**JURY TRIAL DEMANDED**

This case assigned to District Judge __MARSHALL__
and to Magistrate Judge __DEERE__

## ORIGINAL COMPLAINT

Plaintiff, Jennifer Harrell (Harrell), by her undersigned counsel brings this action against Portfolio Recovery Associates, LLC (Portfolio), and states:

### STATEMENT OF JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k(d), and 28 U.S.C. §1367 for pendant State law claims.

2.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 and State law claims for invasion of privacy.

3.     The acts and events complained of in this Complaint occurred within Craighead County, Arkansas.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5. The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6. Harrell is a resident of Jonesboro, Craighead County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7. At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8. Portfolio is being served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR 72201

## FACTUAL BACKGROUND

9. The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10. Portfolio filed a lawsuit against Harrell in the District Court of Craighead County, Arkansas on January 15, 2014 alleging a consumer debt.

11. The lawsuit and attached affidavit alleges Harrell defaulted on a credit card account obligation with the original creditor, FIA Card Services, N.A. A copy of that suit is attached hereto

2

as "**Exhibit 1**" and incorporated as if set forth word for word.

12. Portfolio asserted it purchased and was assigned the account.

13. Harrell was served with the Complaint on January 29, 2014 and the return of service was filed on February 28, 2014.

14. On February 19, 2014, Harrell filed an Answer to the Portfolio Complaint.

15. Harrell's Answer was filed within the time allowed under Arkansas law.

16. On April 21, 2014, Portfolio filed a Motion for Extension of Time claiming the Complaint had not been served.

17. On May 12, 2014, Portfolio filed a Motion for Default Judgment even though Harrell had filed an Answer to the lawsuit.

18. On May 22, 2014, Portfolio filed a Response to Answer.

19. On February 26, 2015, Portfolio caused a Writ of Garnishment to be issued even though no Judgment had been entered against Harrell.

20. The Writ of Garnishment requests the following amounts:

| | |
|---|---|
| Judgment Awarded: | $4,591.69 |
| Attorney Fees: | $0.00 |
| Court Costs: | $125.00 |
| Accumulated Interest: | $917.08 |
| Garnishment Fee: | $10.00 |
| Credits: | ($2,727.21) |
| Amount of Garnishment: | $8,370.98 |

21. The Writ of Garnishment was caused to be issued by Portfolio when no Judgment

3

had been entered against Harrell.

22. The amount of garnishment requested includes amounts allegedly already paid by Harrell on the account.

23. The amount of garnishment requested contain amounts in excess of the principal amount allegedly owed that are not authorized by the underlying agreement.

24. By filing a Motion for Default Judgment when a valid Answer had been filed, Portfolio is in violation of **15 U.S.C. §1692e(5)**, the threat to take any action that cannot legally be taken, **15 U.S.C. §1692e(2)(A)**, the false representation of the character, amount, or legal status of any debt and **15 U.S.C. §1692e(10)**, the use of any false representation or deceptive means to collect or attempt to collect any debt.

25. By causing a Writ of Garnishment to be filed without a Judgment, Portfolio is in violation of **15 U.S.C. §1692e(5)**, the threat to take any action that cannot legally be taken and **15 U.S.C. §1692e(2)(A)**, the false representation of the character, amount, or legal status of any debt, **15 U.S.C. §1692f**, the use of unfair or unconscionable means to collect or attempt to collect any debt and **15 U.S.C. §1692e(10)**, the use of any false representation or deceptive means to collect or attempt to collect any debt.

26. By requesting an amount to be garnished in excess of the principal amount owed and in including amounts allegedly paid by Harrell, Portfolio is in violation of **15 U.S.C. §1692e(2)(A)**, the false representation of the character, amount, or legal status of any debt, **15 U.S.C. §1692e(5)**, the threat to take any action that cannot legally be taken, **15 U.S.C. §1692f(1)**, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, **15 U.S.C. §1692f**, the use of unfair or unconscionable means to collect

or attempt to collect any debt and **15 U.S.C. §1692e(10)**, the use of any false representation or deceptive means to collect or attempt to collect any debt.

27. Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to **15 U.S.C. §1692, et seq**.

28. Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to **15 U.S.C. §1692k(a)(2)(A)**.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. The averments set forth in paragraphs 1-28 are adopted herein and incorporated as if set forth word for word.

30. Portfolio is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

   a. 15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

   b. 15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

   c. 15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

   d. 15 U.S.C. §1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

   e. 15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. The averments contained in paragraphs 1-30 are hereby incorporated as if set forth word for word.

32. Portfolio intentionally intruded physically or otherwise upon Harrell's solitude or seclusion and believed or was substantially certain that it lacked the necessary legal authority or personal permission, invitation or valid consent to commit the intrusive act.

33. Portfolio's intrusion was of a kind that would be highly offensive to a reasonable person as the result of conduct to which a reasonable person would strongly object.

34. Harrell conducted herself in a manner consistent with an actual expectation of privacy.

35. Portfolio's intrusion was a proximate cause of Harrell's damages.

## DAMAGES

36. The averments set forth in paragraphs 1-35 are adopted herein and incorporated as if set forth word for word.

37. As a direct and proximate result of the occurrence made the basis of this lawsuit, Harrell is entitled to the following damages:

    a. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

    b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

    c. actual damages pursuant to 15 U.S.C. §1692k(a)(1).

    d. damages for mental distress, humiliation and embarrassment for the tort claim of invasion of privacy.

## DEMAND FOR JURY TRIAL

38. The averments set forth in paragraphs 1-37 are adopted herein and incorporated as if set forth word for word.

39. Harrell demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Harrell prays that:

1. She be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2. She be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3. She be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3);

4. She be granted damages resulting from invasion of privacy.

Respectfully submitted,

By: _____
J.R. Andrews, Esq.   ABN 92041
**ANDREWS LAW FIRM**
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

Attorney for Plaintiff